# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| In re: | Chapter 7 |
| **Slava Vaysman**, | Bankruptcy No. 23-11676 |
| Debtor. | Honorable Jacqueline P. Cox |

## NOTICE OF OBJECTION

TO: See attached list

**PLEASE TAKE NOTICE** that on Tuesday, October 17, 2023, at 1:00 p.m., I will appear before the Honorable Jacqueline P. Cox, or any judge sitting in that judge's place, either in Courtroom 680 of the Everett McKinley Dirksen Courthouse, 219 S. Dearborn, Chicago, IL 60604, or electronically as described below, and present an Objection to Exemptions, a copy of which is attached.

**Important: Only parties and their counsel may appear for presentment of the motion electronically using Zoom for Government. All others must appear in person.**

**To appear by Zoom using the internet**, go to this link: https://www.zoomgov.com/. Then enter the meeting ID and password.

**To appear by Zoom using a telephone**, call Zoom for Government at 1-669-254-5252 or 1-646-828- 7666. Then enter the meeting ID and password.

**Meeting ID and password**. The meeting ID for this hearing is 161 273 2896 and the password is 778135. The meeting ID and password can also be found on the judge's page on the court's web site.

If you object to this motion and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may grant the motion in advance without a he0aring.

{00225167}

Dated: October 4, 2023

**Ariane Holtschlag**, not individually but as the chapter 7 Trustee for Slava Vaysman**,**

By: */s/ Justin Storer*
One of Her Proposed Attorneys

Justin R. Storer (6293889)
**FACTORLAW**
105 W. Madison, Suite 1500
Chicago, IL 60602
Tel:      (312) 373-7226
Fax:      (847) 574-8233
Email:   jstorer@wfactorlaw.com

# CERTIFICATE OF SERVICE

     I, Justin R. Storer, an attorney, hereby certify that on October 4, 2023, pursuant to Section II.B.4 of the Administrative Procedures for the Case Management/Electronic Case Filing System and Fed.R.Civ.P. 5(a), I caused a copy of the foregoing *Notice* and the accompanying *Objection* to be served electronically through the Court's Electronic Notice for Registrants on all persons identified as Registrants on the appended Service List and by U.S. Mail on all other persons identified on the appended Service List.

*/s/ Justin R. Storer*

# SERVICE LIST

**Registrants**
(Service via ECF)

**Richard N Golding**         rgolding@goldinglaw.net

**Patrick S Layng**           USTPRegion11.ES.ECF@usdoj.gov

**Non-Registrants**
(Service via U.S. Mail)
**Slava Vaysman**
3802 Provenance Way
Northbrook, IL 60062

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In re: | Chapter 7 |
| **Slava Vaysman**, | Bankruptcy No. 23-11676 |
| Debtor. | Honorable Jacqueline P. Cox |

### TRUSTEE'S OBJECTION TO DEBTOR'S EXEMPTIONS

In the instant case, Slava Vaysman (the "**Debtor**"), asserts an unfounded exemption. The only exemption he proposes on his schedule of exempt property, filed alongside his voluntary petition, applies his $4,000.00 "wildcard" exemption, 735 ILCS 5/12-1001(b), to his "[e]quity in former residence."

Ariane Holtschlag, not individually but solely in her capacity as duly appointed chapter 7 trustee (the "**Trustee**") of the bankruptcy estate (the "**Estate**") of Slava Vaysman, respectfully requests that this Court enter an order sustaining her objection to the Debtor's exemption and disallowing this claim.

In support thereof, the Trustee states as follows:

### JURISDICTION

1. This Court has jurisdiction over this Objection pursuant to 28 U.S.C. §§ 157 and 1334, and Local Rule 40.3.1(a) of the United States District Court for the Northern District of Illinois.

2. Venue of the above-captioned case (the "**Case**") and of this Motion is proper in this Judicial District pursuant to 28 U.S.C. §§ 1408 and 1409. This matter

{00225167}

is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(1) and (b)(2)(A), (B), and (O).

## BACKGROUND

3. On September 1, 2023 (the "**Petition Date**"), the Debtor filed a voluntary petition for relief under chapter 7 of title 11, United States Code (the "**Bankruptcy Code**"), thereby initiating the Case.

4. Ariane Holtschlag was thereafter appointed as the Case trustee.

5. On the Petition Date, the Debtor filed his schedule A/B (his schedule of real and personal property), and his schedule C (his schedule of property he claims as exempt). Copies of these documents are attached hereto as **Exhibit A**.

6. In brief, the Debtor's schedule A/B discloses that he does not own any real estate, but he lists – as a "contingent and unliquidated claim" – that he owns "Equity in former residence." He values this equity at $87,500.00.

7. The Debtor exempts $4,000.00 of this equity with his Illinois "wildcard" exemption, which allows for the debtor to exempt "[t]he debtor's equity interest, not to exceed $4,000 in value, in any other property[.]" 735 ILCS 5/12-1001(b).

8. The "former residence" at issue (*see* the Debtor's statement of financial affairs, dkt. 1 in the Case, at page 37) is 1905 McRae Lane, Mundelein, IL 60060. The Debtor and Zhanna Vaysman, a former girlfriend, owned this property in joint tenancy before he quitclaimed his interest in the property to her.

## RELIEF REQUESTED

9. The Trustee respectfully requests that the Court sustain her objection to the Debtor's exemption and disallow his application of the "wildcard" exemption to his "equity in former residence."

## BASIS FOR RELIEF

10. Pursuant to 11 U.S.C. § 522(b)(1), individual debtors may exempt property from the bankruptcy estate by asserting the exemptions to which they are allowed pursuant to, as relevant now, 11 U.S.C. § 522(b)(3)(A).

11. It does appear that the Debtor would be entitled to assert appropriate Illinois state law exemptions. He has failed to do so, however.

12. The Bankruptcy Code places on debtors the burden to state their claimed exemptions accurately and to conform such claims to statutory limits. *Schwab v. Reilly*, 560 U.S. 770 at fn. 17 (2010).

13. For a debtor properly to claim an exemption in the original schedules, the property claimed as exempt must be part of the bankruptcy estate on the date of filing. *In re Gillenwater*, 479 B.R. 711, 716 (Bankr. W.D.Va. 2012) *citations omitted*.

14. With the property having been quitclaimed prior to the filing of the Case, the Debtor has no interest in his transferred property to exempt.

15. The Trustee acknowledges that a debtor may exempt, in certain circumstances, property that the Trustee recovers (or that is recoverable) under the Trustee's avoidance powers, 11 U.S.C. § 522(g). This is inapposite to the instant matter, however: One of the conditions for such an exemption to stand is that the

prepetition transfer of the property must not have been "a voluntary transfer of such property by the debtor," 11 U.S.C. § 522(g)(1). *See, e.g., In re Dalip*, 194 B.R. 597, 600 (Bankr. N.D.Ill. 1996), *In re Mickens*, 575 B.R. 797, 803 (Bankr. W.D.Mi. 2017).

16. The purpose of 11 U.S.C. § 522(g) is to allow for an appropriate exemption when a property interest has been involuntarily taken from a debtor by means such as an execution, repossession, or certification of judgment. *In re Ringham*, 294 B.R. 204, 206 (Bankr. D.Mass. 2003), *citing Glass v. Hitt (In re Glass)*, 60 F.3d 565, 569 (9th Cir. 1995). Nothing of this nature compelled the Debtor to execute the quitclaim at issue.

17. Correspondingly, § 522(g) operates to prohibit an exemption when property has been voluntarily transferred, as the "equity in former residence" was.

18. Finally, the exemptions found throughout 735 ILCS 5/12-1001, including the "wildcard" exemption asserted by the Debtor, are applicable to personal property, not real property.

19. Under Federal Rule of Bankruptcy Procedure 4003(b), a party in interest may file an objection to the list of property claimed as exempt within 30 days after the meeting of creditors held under 11 U.S.C. § 341(a) is concluded. This Objection is filed timely.

## NOTICE

20.  Notice of this objection was provided to: (a) the Debtor; (b) his counsel, (c) the US Trustee, and (d) all other parties requesting notice and/or receiving notice through the CM/ECF system.

**WHEREFORE,** Ariane Holtschlag, not individually, but solely in her capacity as the trustee for the bankruptcy estate of Slava Vaysman, prays this court enter an order disallowing the Debtor's claimed exemption in his "equity in former residence," and issuing such other relief as may be deemed just and proper.

Dated: October 4, 2023              Respectfully submitted,

                                    **Ariane Holtschlag,** not individually but as the chapter 7 trustee of the bankruptcy estate of Slava Vaysman,

                                By: */s/ Justin R. Storer*
                                    One of Her Proposed Attorneys

Justin Storer (6293889)
**Law Office of William J. Factor, Ltd.**
105 W. Madison Street, Suite 1500
Chicago, IL 60602
Tel: (312) 373-7226
Fax: (847) 574-8233
Email: jstorer@wfactorlaw.com